**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THEODORE HENRY ADOLPH,

Defendant - Appellant.

No. 15-30056

D.C. No. 2:14-cr-00136-WFN-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Submitted April 26, 2016[**]

Before:    HUG, FARRIS, and CANBY, Circuit Judges.

Theodore Henry Adolph appeals from the district court's judgment and

challenges the 45-month total sentence imposed following his conviction for

failure to register in violation of 18 U.S.C. § 2250(a) and his admissions of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Adolph contends that the district court procedurally erred at sentencing by applying a presumption that a sentence within the Sentencing Guidelines range was required. This contention is belied by the record.

Adolph also contends that the district court procedurally erred at sentencing by failing to address defense counsel's arguments that Adolph should receive a lower sentence because then he could get into treatment sooner, because prison time is harder for those convicted of sex crimes, and because he had a lack of parental role models. Because Adolph did not object on these grounds below, we review under the plain error standard. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Adolph must therefore show not only that there was error that was plain, but also that such error affected his substantial rights because there is a reasonable probability that he would have received a different sentence absent the error. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

As an initial matter, it is not clear from the record that in the district court Adolph even made the arguments that he now asserts he made. A district court need not address every 18 U.S.C. § 3553(a) factor or every possible argument.

2

*Dallman*, 533 F.3d at 761. Furthermore, there is not a reasonable probability that the sentence would have been lower if the court had addressed such arguments. Thus, Adolph has not shown that his substantial rights were affected, and so he has not met the plain error test. *See Dallman*, 533 F.3d at 761-62.

In addition, the district court did not abuse its discretion in imposing the total 45-month sentence. The sentence is not substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including not only Adolph's recently expressed interest in obtaining substance abuse treatment and his experiences as a child, but also his history as an adult, such as his multiple convictions for sexually abusing a child, his chronic substance abuse, his repeated non-compliance with treatment, and the need to protect the public, provide deterrence, and promote respect for the law. *See Gall v. United States,* 552 U.S. 38, 51 (2007); *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908-09 (9th Cir. 2009) (recognizing that the "weight to be given the various factors in a particular case is for the discretion of the district court").

**AFFIRMED**.